

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

GROVER SELLERS
WXXXXXXXXXXXXXXXX
ATTORNEY GENERAL

Honorable Claude Isbell
Secretary of State
Austin, Texas

Opinion No. O-6468
Re: Necessity of and making
of notarization on notarial
bonds; proper date for
executing and taking such
bonds; date when notarial
appointment becomes effec-
tive; effect of notarial
appointees qualifying be-
fore a Notary who has not

Dear Sir:

yet qualified himself.

We are in receipt of your recent opinion request
relative to the above topics.  It contains four questions.
The pertinent statute and portion thereof is Article 5949,
Sections 3, 4, 5 and 7, Vernon's Revised Civil Statutes,
which read as follows:

"3.  Any person desiring appointment as
Notary Public shall furnish to the County Clerk
of the County of residence of the applicant his
name as it will be used in acting as such Notary
Public, his post office address, and shall satisfy
the Clerk that he is at least twenty-one (21) years
of age and a resident of the County for which such
appointment is sought.  The names of all such per-
sons shall be sent forthwith in duplicate by the
County Clerk to the Secretary of State with the
certificate of the County Clerk certifying that
according to the information furnished him such
person is eligible for appointment as Notary Public
for such county.  The Secretary of State shall act
upon all such names submitted at the earliest prac-
ticable time and notify the County Clerk whether
such appointment or appointments have been made.
Upon receiving notice from the Secretary of State
of any such appointment the County Clerk shall
forthwith notify all persons so appointed to
appear before him within ten (10) days from the
date of such notice (but not before the first
day of June of odd numbered years in the case of
appointments for the term beginning on such date
or re-appointments hereinafter provided for) and
qualify as hereinafter provided.  The appointment
of any person failing to qualify within such ten
(10) day period shall be void, and if any such

person desires thereafter to qualify, his name shall be re-submitted in the same manner as hereinabove provided.

"4. At the time of such qualification the County Clerk shall collect the fees allowed him by law for administering the oath and approving and filing the bond of such Notary Public, together with the fee allowed by law to the Secretary of State for issuing a commission to such Notary Public.

"5. Immediately after the qualification of any such Notary Public the County Clerk shall forthwith notify the Secretary of State that such person has qualified and the date of such qualification, and shall remit with such notice the fee due the Secretary of State, whereupon, the Secretary of State shall cause a commission to be issued to each such qualified Notary Public, which commission shall be effective as of the date of qualification. All such commissions shall be forwarded to the County Clerk for delivery to such persons entitled to receive them. Nothing herein shall prevent any qualified Notary Public from performing the duties of his office from and after his qualification and before the receipt of his commission.

". . . . .

"7. Any person appointed a Notary Public, before entering upon his official duties, shall execute a bond in the sum of One Thousand ($1,000.00) Dollars with two or more solvent individuals, or one solvent surety company authorized to do business in this state, as surety such bond to be approved by the County Clerk of his county, payable to the Governor, and conditioned for the faithful performance of the duties of his office; and shall also take and subscribe the official oath of office which shall be endorsed on said bond with the certificate of the official administering the same. Said bond shall be deposited in the office of the County Clerk and shall not be void on the first recovery, and may be sued on in the name of the party injured from time to time until the whole amount thereof has been recovered. Any such person shall be deemed to be qualified when he has

taken the official oath of office, furnished the bond
and paid the fees herein provided for, all within the ten
(10) days allowed therefor."

Your question No. 1 is:

"1.  Is it necessary for the signatures on Notary Bonds
made on behalf of applicants for notary public commissions
to be notarized and, if so, should such notarizations be
in the counties where the individuals reside?  This question
applies to the signatures of the applicants as well as the
sureties on such bonds."

Section 7 of the Article quoted provides that the <u>applicant</u>
must subscribe the oath (endorsed on the bond) and <u>required the
certificate</u> of the officer administering the oath.  We find noth-
in the statute or elsewhere requiring <u>sureties</u> on such bonds to
take any oath relative thereto, and nothing requiring the appli-
cant to swear to anything but the oath which is endorsed on the
bond.  However, the County Clerk has the implied power to require
the personal sureties on a Notary's bond to make oath as to their
qualification as sureties, for the statute requires them to be
solvent.  The Clerk must determine the question of their solvency
before he accepts them as sureties and approves the bond.  If the
Clerk requires such affidavit, it may be made either within or
without the county where the bond must be filed.  The statute
does not require that the Notary be solvent, only that his indivi-
dual sureties be solvent, or if his surety is a surety company
that it be solvent.

Your question No. 2 is:

"2.  a.  In cases of applicants for appointments as notaries
public for the term beginning June 1st, would it be legal for
such bonds to be executed prior to June 1st?  Could such
bonds be executed prior to June 1st but postdated to June 1st?

"    b.  If such bonds must be acknowledged before a notary
public, may, that be done before June 1st?

Section 7 of the Article above quoted provides that the notary
becomes qualified when he (1) takes the oath, (2) <u>furnishes the
bond</u>, and (3) pays the required fees, "<u>all within the ten (10)
days allowed therefor.</u>"

As we construe the statute, the "ten (10) days allowed therefor"
are the ten days mentioned in Section 3 of the Article.  According

The statute is silent as to when the bond shall be executed. Section 7 provides that it shall be <u>furnished</u> to the County Clerk within said ten-day period. It is our opinion that there would be nothing illegal in executing the bond prior to June 1 so long as it is <u>furnished</u> to the County Clerk during said ten-day period and so long as the applicant had already been <u>appointed</u> at the date of its execution. Section 7 provides, "<u>Any person appointed to a Notary Public, before entering upon his official duties, shall execute a bond . . ."</u> This indicates that the bond may be executed only after the principal has been appointed.

Since the bond can be executed prior to June 1 in the case of an appointment which begins June 1, there is no necessity for its being post-dated to June 1.

We make it clear that the oath which is endorsed on the bond <u>cannot</u> be executed prior to June 1. Section 7 of such Act provides, "Any person shall be deemed to be qualified when he has taken the official oath of office. . .<u>all within the ten (10) days allowed therefor."</u>

In response to Section b of question 2, you are advised that such bonds themselves need not be acknowledged. It is our opinion that the official oath endorsed thereon cannot be acknowledged before June 1 in the situation about which you inquire for the reason given in the preceding paragraph hereof.

Your third question is:

"If a Notary is appointed on June 1 and qualifies on some later date, but within the required ten-day period, would his authority to serve as Notary date back to the day of his appointment or from and after the date he qualified?"

We find no statutory authority for a Notary Public or any other public officer to act until he qualified. For that reason we answer your third question "No."

Part (a) of your fourth question reads:

"Can a person who has been appointed a notary public make or take, either or both, the affidavit to his bond and oath of office before some other notary public or must he appear before the County Clerk of his county to make such affidavit or take such oath?"

We have in answer to your first question said that a person appointed Notary Public is not required to make oath as to his solvency.

Article 26, Revised Civil Statutes, provides that all oaths, affidavits, or affirmations may be administered and a certificate of the fact given, if within this State, by a Notary Public, Judge or Clerk of any Court of Record or Justice of the Peace. It is provided in Section 7, quoted above, among other things, that "Any person appointed a Notary Public . . . shall also take and subscribe the official oath of office which shall be endorsed on said bond with the certificate of the official administering the same." (Emphasis ours) From the emphasized language of the statute the conclusion is inescapable that the oath of office may be administered to a person duly appointed Notary Public by a Notary Public who has previously qualified at any time during the ten-day period within which he may qualify. Of course, such an appointee may take the oath before the County Clerk and while that officer alone may approve the official bond and collect the prescribed fees, his authority to administer the oath is not exclusive.

Section b of your fourth question reads;

"If a person who had been appointed a notary public qualified before another notary and such other notary had not himself completed his qualification as a notary, would such qualification be legal, and what effect, if any, would it have on the legality of issuance of Commission to such appointee and on his official status as a notary? Presume in this case that both of the above notaries had filed proper application and that the notary who took the acknowledgment had himself already been appointed by the Secretary of State and had not yet qualified."

Section 7 of such Article provides that the appointee, before entering upon his duties of office shall "take and subscribe the official oath of office". This statute indicates that the oath must be taken before some officer authorized by law to administer oaths. As we have heretofore stated, it is our opinion that an appointee as a Notary Public is not authorized to administer oaths until he has himself qualified. That being true, it is our opinion that the official oath made by a notarial appointee before another notarial appointee who had not qualified would not be made in compliance with the statute and would, therefore, be void.

Yours very truly,

WTC/JCP/CGE

ATTORNEY GENERAL OF TEXAS

APPROVED APRIL 3, 1945
s/ Grover Sellers
ATTORNEY GENERAL OF TEXAS

s/ W. T. Curry

By

APPROVED OPINION COMMITTEE
By BWB, Chairman

W. T. Curry
Assistant